UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11030-GAO

JOSEPH MESSERE, et al.,
Plaintiffs,

v.

NANCY ANKERS WHITE, et al.
Defendants.

PROCEDURAL ORDER RE: MOTION (#14)  FOR COURT ORDER
FOR INFORMAL SERVICE OR MARSHALS SERVICE

O'TOOLE, D.J.

Three inmates at MCI-Norfolk initiated this civil action against the Commissioner of

Correction, the Attorney General for the Commonwealth, the General Counsel and Associate

General Counsel for the Department of Correction, and ten attorneys with the Department of

Correction legal division.  See Docket No. 1.  By Order dated October 26, 2012, the inmates

were permitted to proceed in forma pauperis, they were assessed the statutory filing fee and the

complaint was returned to the undersigned for preliminary screening pursuant to 28 U.S.C. §§

1915(e), 1915A.

Now before the Court is plaintiff Messere's motion seeking to have this court order

service by United States Marshal or, in the alternative, require the defendants to accept

information service of the complaint.  Messere avers that on September 8, 2012, Messere sent

the defendants a Notice of Lawsuit and Request for Waiver of Service of Summons.[1]  He

---

[1] This is one of the standard forms found in the Appendix of Forms to the Federal Rules
of Civil Procedure.   See Fed.R.Civ.P., Appx.

Case 1:12-cv-11030-GAO   Document 17   Filed 11/09/12   Page 2 of 2

complains that the defendants failed (or refused) to accept informal service of process.

A federal court may not acquire personal jurisdiction over a defendant who does not voluntarily appear unless he or she is served with process in a manner authorized by federal statute or rule.  Robertson v. Railroad Labor Bd., 268 U.S. 619, 622, 45 S. Ct. 621, 69 L.Ed. 1119 (1925).  Personal jurisdiction usually is obtained over a defendant by service of process. Jardines Bacata, Ltd. v. Diaz–Marquez, 878 F.2d 1555, 1559 (1st Cir.1989) (explaining that "[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process").   Service of process constitutes the vehicle by which the court obtains jurisdiction. United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) (citations omitted).  A defendant may, however, waive service—and waiver can form a valid basis for personal jurisdiction. See, e.g., Gen. Contr. & Trading Co. v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir. 1991).

Generally, if a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court must impose on the defendant the costs of service.   However, here, summons have not issued for service of the complaint because the complaint must be screened. In light of the above, the defendants are not obligated to waive service of process because summons have not been issued.  No summons shall issue unless ordered by the undersigned.

Accordingly, it is hereby ORDERED that plaintiff's motion (#14) is DENIED.

SO ORDERED.

  November 9, 2012                                    /s/ George A. O'Toole, Jr.
DATE                                                 GEORGE A. O'TOOLE, JR.
                                                     UNITED STATES DISTRICT JUDGE