UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11030 -GAO

JOSEPH MESSERE, et al.,
Plaintiffs,

v.

NANCY ANKERS WHITE, et al.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court (1) dismisses the claims of Alan Gaudreau in their entirety; and (2) advises Joseph Messere and Bodhisattva Skandha that the voluntary dismissal of their claims does not eliminate their obligation to pay their proportionate share of the filing fee.

I.   **Background**

This civil action was initiated by three state inmates, Joseph Messere, Alan Gaudreau and Bodhisattva Skandha, alleging that the attorneys for the Massachusetts Department of Correction are improperly representing the Commonwealth because they have not been appointed as special assistant attorneys general under state law.

Where, as here, the lawsuit was filed by prisoners, each plaintiff was allowed to proceed *in forma pauperis* and each was assessed an obligation to make payments toward their proportionate share of the filing fee pursuant to 28 U.S.C. § 1915(b). See 10/26/12 Order, Docket No. 15.  The complaint was returned to the undersigned for preliminary screening pursuant to 28 U.S.C. §§ 1915(e), 1915A.  Id.  By Memorandum and Order dated January 9,

2013, plaintiffs were ordered to show cause why this action should not be dismissed.[1]

Plaintiffs filed a timely show-cause reply.  See Docket No. 22.  Plaintiffs Messere and Skandha subsequently filed a motion seeking to voluntarily dismiss the case with a request to relieve each of their filing fee obligation.  See Docket No. 23.  The motion for voluntary dismissal was granted as to the two moving parties: plaintiffs Messere and Skandha.[2]  See 06/25/2013 Electronic Order, Docket No. 24.

For the reasons stated below, the Court (1) dismisses the claims of Alan Gaudreau; and (2) although the claims of Messere and Skandha have already been dismissed, this does not constitute grounds for relieving Messere and Skandha of their obligation to pay their proportionate share of the filing fee.

## II.     Discussion

### A.     Filing Fee

After filing the aforementioned show cause response, it appears that Messere and Skandha's understanding of the law changed.  They sought, and were permitted, to voluntarily withdraw their claims.  However, the fact that Messere and Skandha's claims have been dismissed does not constitute grounds for relieving them of their obligation to pay their proportionate share of the filing fee.

In passing the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, title I [title

---

[1]The October 26th Memorandum and Order explained that unless a plaintiff advises that he wishes to "opt-out" with respect to a particular pleading, the Court will then deem any pleading/motion filed by one plaintiff to be joined in by all plaintiffs.

[2]Because the motion for voluntary dismissal was filed by two plaintiffs, the Court did not deem the motion to be joined in by plaintiff Gaudreau.

VIII, § 804(a)], 110 Stat. 1321, 1321-73-74 (Apr. 26, 1996), Congress amended the *in forma pauperis* statute, 28 U.S.C. § 1915(b), to make prisoners financially responsible for eventually paying the full filing fees in civil actions and appeals that they bring *in forma pauperis*. The PLRA specifically provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Section 1915(b)(2) permits prisoners to pay the remainder of filing fees in installments via periodic remittances from their inmate trust accounts when they meet certain financial conditions, as opposed to paying the fee in full at the beginning of the case as most plaintiffs are required to do.

Having filed the complaint, plaintiffs and the Court are both statutorily limited by the strictures of 28 U.S.C. §1915. The PLRA "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness." Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) (rejecting a request for a refund of appellate fees after voluntary withdrawal of appeal); see also Porter v. Dep't of Treasury, 564 F.3d 176, 179-80 (3d Cir. 2009) (denying a refund or waiver of remaining appellate filing fees to a federal prisoner and a refund of fees to a non-prisoner litigant); Purkey v. Green, No. 00-3218, 2001 WL 998057, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits.... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); Lucien v. Detella, 141 F.3d 773, 775 (7th Cir. 1998) (fees for initiating a lawsuit in district court are authorized by § 1914 and are part of the costs of litigation); McGore v. Wrigglesworth, 114 F.3d 601, 604–607 (6th Cir.1997) (filing fee due when complaint filed; dismissal of a complaint

does not eliminate prisoner's obligation to pay the required fees); James v. Cropp, No. C12-5159 RJB/KLS, 2012 WL 1669727 at *1 (W.D. Wash. 2012) (prisoner plaintiff proceeding *in forma pauperis* was not entitled to a refund of partially-paid fees despite voluntarily dismissing the case).

Here, the purposes of the PLRA would be undermined if a court were to vacate the order assessing the filing fee obligation in the type of situation presented here. Plaintiffs have engaged the resources of the Court staff by filing this case, and of the Court in apportioning the filing fee among the three plaintiffs and conducting a preliminary screening of the complaint. Porter v. Dep't of Treasury, 564 F.3d at 180 (filing fees help defray the court resources consumed by opening and administering a case). Therefore, the Court will not vacate the order assessing plaintiffs Messere and Skandha an obligation to pay their proportionate share of the filing fee.

**B.     Show Cause Reply**

On January 9, 2013, I ordered plaintiffs to demonstrate good cause, in writing why this action should not be dismissed in whole, or in part, or they shall file an amended complaint which cures the deficiencies of the original complaint. See Docket No. 20. Plaintiffs Messere and Skandha were subsequently permitted to withdraw from the case, see 06/25/2013 Electronic Order, leaving plaintiff Gaudreau as the remaining plaintiff.

As to the Section 1983 claim, the show cause order advised plaintiffs that the complaint failed to state a Section 1983 claim because this Court does not have the power to direct state officials to comply with state law. As to plaintiffs' claim that the defendants acted together to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act, the show cause order advised plaintiffs that their RICO claim fails because the complaint fails to (1) establish that

plaintiffs suffered any injury to their business or property, (2) satisfy the enterprise element of RICO, and (3) allege two predicate acts of racketeering activity in violation of the laws specified in 18 U.S.C. § 1961(1).

The show cause reply primarily restates the facts and arguments as alleged in the original complaint. See Docket No. 22. To the extent a new claim is asserted under 42 U.S.C. § 1985(2), such claim is patently meritless because facts have not been alleged with sufficient particularity to demonstrate that any of the defendants conspired with each other or with any other individual or entity to obstruct justice and/or intimidate witnesses, parties or jurors. After carefully reviewing the show cause response, I find that Alan Gaudreau failed to demonstrate any reason why this action should not be dismissed.

### III.   Conclusion

ACCORDINGLY, in accordance with this Court's Memorandum and Order dated January 9, 2013, and plaintiff Alan Gaudreau not having shown good cause why his claims should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, it is ORDERED that Alan Gaudreau's claims are DISMISSED in their entirety, for the reasons stated above.

SO ORDERED.

 January 15, 2014                               /s/ George A. O'Toole, Jr.
DATE                                            GEORGE A. O'TOOLE, JR.
                                                UNITED STATES DISTRICT JUDGE